USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
ALEXIS BENJAMIN BONILLA VELASQUEZ,                                  :
                                                                    :
                                   Petitioner,                      :   1:25-cv-10319-GHW
                                                                    :
                  -v-                                               :   MEMORANDUM OPINION &
                                                                    :   ORDER
KRISTI NOEM, *Secretary, United States*                             :
*Department of Homeland Security, et al.*,                          :
                                                                    :
                                   Respondents.                     :
                                                                    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On December 12, 2025, Petitioner Alexis Benjamin Bonilla Velasquez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates 8 U.S.C. § 1226 and the Due Process Clause of the Constitution.

The Court assumes the parties' familiarity with the background of this case as articulated in Mr. Velasquez's petition, Dkt. No. 1 ("Pet."); his order to show cause, Dkt. No. 7; the Government's return, Dkt. No. 12 ("Answer"); the Declaration of ICE Deportation Officer Jason Langlois, Dkt. No. 13 ("Langlois Decl."); the Government's letters in opposition to the petition, Dkt. Nos. 14, 15; and Mr. Velasquez's reply in support of his petition, Dkt. No. 16 ("Reply").

Because the Court concludes that Petitioner is an "applicant for admission" within the plain meaning of the Immigration and Nationality Act ("INA"), Mr. Velasquez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Accordingly, Mr. Velasquez's petition is DENIED.

I.      **LEGAL STANDARD**

Mr. Velasquez brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in

custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Jurisdiction over 28 U.S.C. § 2241 habeas petitions is properly limited to purely legal statutory and constitutional claims and does not extend to review of discretionary determinations by immigration judges." *Id.* (quotation and brackets omitted). The Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## II.     DISCUSSION

Mr. Velasquez is lawfully detained under the INA. The INA mandates detention for noncitizens who are "applicant[s] for admission" during the pendency of immigration proceedings. 8 U.S.C. § 1225(b)(2)(A). Mr. Velasquez is an "applicant for admission" within the plain meaning of the INA. *See* 8 U.S.C. § 1225(a)(1); *see also Arana v. Arteta*, No. 26-CV-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026). "'[T]he plain text of Section 1225(a) . . . unambiguously defines the term "applicant for admission" used in Section 1225(b)(2) to include an "alien *present in the United States* who has not been admitted."'" *Arana*, 2026 WL 279786, at *3 (quoting *Chen v. Almodovar*, No. 25 Civ. 9670, 2026 WL 100761, at *1 (S.D.N.Y. Jan. 14, 2026)) (emphasis in *Chen*).

Mr. Velasquez has never been admitted. The parties do not dispute Petitioner's immigration history. He entered the United States without inspection on or about April 7, 2000. Pet. ¶ 2. He was detained soon after and released after posting bond. *Id.* An order of removal was issued and became final in April 2001. Langlois Decl. ¶ 13. Pursuant to that order, he was arrested on June 18, 2025. *See id.* ¶ 16. Upon his arrest, he was subject to mandatory detention under 8 U.S.C.

§ 1231(a)(6).[1]  *See* Reply at 1.  While he remained detained, an immigration judge granted his request to reopen his immigration proceedings.  Pet. ¶ 7.  Neither party alleges facts that demonstrate that Mr. Velasquez was ever admitted to the United States within the meaning of the INA.[2]  *See* 8 U.S.C. § 1011(a)(13).  Thus, following the reopening of his immigration proceedings, he remains an "applicant for admission," subject to mandatory detention during the pendency of his immigration proceedings under section 1225(b)(2)(A).

Mr. Velasquez's arguments against the applicability of section 1225 are the same as those raised by the petitioner in *Arana v. Arteta*, and the Court rejects them for the same reasons.  Mr. Velasquez argues that section 1225 only applies to those who are "applying for admission when they arrive in the United States," and not to those, like him, who have "already entered" the United States.  Pet. ¶¶ 58–59.  However, "[t]here is no support in statutory text, precedent, or legislative history for the conclusion that Section 1225(b)(2) does not apply to aliens who are already here after having illegally entered the country."  *Arana*, 2026 WL 279786, at *3 (quoting *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 3484855, at *5 (S.D.N.Y. Dec. 4, 2025)) (internal quotations omitted).  Indeed, "[t]hat reading of Section 1225 does not square with the INA's definitions of 'admitted' and 'admission,' which, . . . refer to 'lawful' entry, . . . not to 'whether "an alien [was] already here."'"  *Id.* at *3 (quoting *Weng v. Genalo*, No. 25 CIV. 09595, 2026 WL 194248, at *4 (S.D.N.Y. Jan. 25, 2026)).

Accordingly, Mr. Velasquez remains lawfully detained pursuant to section 1225(b)(2)(A).

---

[1] For this reason, Petitioner is not similarly situated to the petitioner in *Savane v. Francis*, 801 F. Supp. 3d 483 (S.D.N.Y. 2025).  In that case, the Court assumed that the petitioner was subject to section 1225 and had been paroled under 8 U.S.C. § 1182(d)(5)(A) despite the Government's representation that he had first been detained pursuant to 8 U.S.C. § 1226.  *Id.* at 492.  Therefore, his subsequent detention must have been the result of a revocation of parole.  *Id.*  Here, Mr. Velasquez's arrest was pursuant to a warrant issued after he became subject to a final order of removal.  Answer, Ex. L.  Mr. Velasquez was served with this warrant upon his arrest.  Langlois Decl. ¶ 17.  Therefore, the same due process concerns present in *Savane* are not present here.

[2] Mr. Velasquez argues that the Government's decision to invoke section 1226 when it released him requires that he be treated as subject to section 1226.  Reply at 1.  However, Petitioner provides no persuasive legal reason why the Government could not detain him on another ground following his proper detention under section 1231.  Moreover, there is a substantial question regarding whether the Government's prior "designation under § 1226 [altered] Petitioner's legal status as an 'applicant for admission'" when he was initially released.  *Savane*, 801 F. Supp. 3d at 491 n.12.

### III. CONCLUSION

For the foregoing reasons, Mr. Velasquez's petition for a writ of habeas corpus is DENIED. The Clerk of Court is directed to enter judgment for Respondents and to close this case.

SO ORDERED.

Dated: March 5, 2026
New York, New York

                                                GREGORY H. WOODS
                                                United States District Judge